In re ARMSTRONG WORLD INDUSTRIES, INC., et al., Debtors.

No. 00–4471.

United States District Court, D. Delaware.

April 17, 2007.

Deborah E. Spivack, Mark D. Collins, Jason M. Madron, Richards, Layton & Finger, LLP, Joanne Bianco Wills, Klehr Harrison Harvey Branzburg & Ellers, Sharon M. Zieg, Young, Conaway, Stargatt & Taylor, Wilmington, DE, Rebecca L. Booth, Morgan Lewis & Bockius, Philadelphia, PA, Rebecca Lee Scalio, Cynthia L. Collins, for Debtor.

Carmella P. Keener, Rosenthal, Monhait, Gross & Goddess, PA, Kathleen Campbell Davis, Campbell & Levine LLC, Wilmington, DE, Trustees.

Noel C. Burnham, Montgomery McCracken Walker & Rhoads LLP, Joanne Bianco Wills, Stephanie Ann Fox, Klehr Harrison Harvey Branzburg & Ellers, Steven K. Kortanek, Womble Carlyle Sandridge & Rice, PLLC, Aileen F. Maguire, Campbell & Levine, Wilmington, DE, for Creditor Committees.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

This case involves a lengthy and complex Chapter 11 reorganization of Arm-strong World Industries, Inc. Presently at issue are the fee petitions submitted by the professionals involved in the preparation of and hearing on the Fourth Amended Plan of Reorganization of the company. After submitting the applications to a fee auditor for comprehensive review, the Court held a hearing to address the petitions, the fee auditor's final reports, and, in the instances where firms objected to the fee auditor's reports, those objections. The fee petitions and objections are now ripe for disposition.

## I. BACKGROUND

On April 6, 2006, the Court ordered that all applications for professional fees incurred after that date dealing with the preparation of and hearing on the Fourth Amended Plan of Reorganization would be adjudicated by the District Court on a separate schedule than the monthly fee petitions ruled upon by the Bankruptcy Court. *See* Ct. Ord. Apr. 6, 2006, doc. no. 9276. Subsequently, on August 15, 2006, the Court issued an Order providing that all such applications were to be submitted to the Court by September 15, 2006, with objections, if any, due on October 2, 2006. *See* Ct. Ord. Aug. 15, 2006, doc. no. 9740.

Fee applications were submitted by the following professionals and/or firms: Analysis Research & Planning Corp.; Campbell & Levine, LLC; Caplin & Drysdale, Chartered; Cozen O'Connor; Dean M. Trafelet; Dickstein Shapiro, LLP;[1] Kaye Scholer LLP; Legal Analysis Systems, Inc.; Navigant Consulting, Inc.; Paul,

---

1. Dickstein Shapiro's fee petition was not received within the Court's scheduled deadline because the firm inadvertently filed the fee petition with the Bankruptcy Court rather than with this Court. For this reason, it filed a motion for leave to file the fee petition along with its fee petition. The petition was submitted to the fee auditor along with the rest and was timely addressed by him. Therefore, Dickstein Shapiro's error in no way hindered the Court's review of the fee petitions, and will be excused. The motion for leave to file

Weiss, Rifkind, Wharton & Garrison LLP; Richards, Layton & Finger, P.A.; Weil, Gotshal & Manges LLP; Young Conaway Stargatt & Taylor, LLP. Only one objection was filed; the United States Trustee objected to the fee petition of Kaye Scholer, LLP. UST Obj. Oct. 2, 2006, doc. no. 9899.

Once such applications and objection were submitted, in order to aid the Court in its duty to review fee applications and consistent with the handling of the past fee applications by the Bankruptcy Court in this case, the Court appointed a fee auditor to thoroughly examine each fee application. *See* Ct. Ord. Oct. 4, 2006, doc. no. 9909.

The fee auditor reviewed the petitions with fine-toothed comb, analyzing every line to determine the extent to which the petitioners were entitled to the requested fees and reimbursement of expenses. As was explained to the Court during the hearing conducted on the matter, the fee auditor then excerpted those portions of the petitions with which he took issue, and addressed those questions to the applicant directly, giving the applicant an opportunity to respond to fee auditor's initial determinations before the final report was submitted to the Court. Once the applicant responded to the fee auditor's initial comments, the fee auditor then prepared a final report along with recommendations addressing each fee petition. The final reports were submitted to the Court for review.

In total, the fee auditor prepared final reports addressing the fee petitions in connection with the hearing on the Fourth Amended Plan of Reorganization of 13 professionals and/or firms. Three firms, Kaye Scholer, LLP, Navigant Consulting, Inc., and Young Conaway Stargatt & Tay-

lor, LLP, objected to the fee auditor's final determinations.

The Court reviewed the fee auditor's reports, as well as the fee petitions which were the subject of those final reports. On March 22, 2007, after notice was given, the Court held a hearing at which all interested parties were given the opportunity to comment on the fee applications, the fee auditor's reports and, in the cases where the professionals disagreed with the fee auditor's determinations, to explain the reasons for their objections to the fee auditor's report and to argue that their fee application met the criteria of 11 U.S.C. § 330(a).

## II. DISCUSSION

### A. *Court's Duty to Examine Fee Petitions*

Section 330(a) of the Bankruptcy Code provides that the court may award reasonable compensation for actual, necessary services rendered by professionals in bankruptcy proceedings as well as reimbursement of actual, necessary expenses. 11 U.S.C. § 330(a).

 Upon receipt of such fee applications submitted pursuant to § 330(a), the bankruptcy court not only has the power, it also has the *duty* to independently scrutinize them to ensure that such fee applications comport with § 330(a). *In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 841 (3d Cir.1994). This duty stems from "the court's inherent obligation to monitor the debtor's estate and to serve the public interest" and "exists notwithstanding an absence of objections by the United States Trustee, creditors, or any other interested party." *Id.* (citing 11 U.S.C. § 105(a)). In fact, it is not uncommon for there to be no objections to fee

the fee petition was unopposed and will be

granted by separate Order of the Court.

applications.[2] The court may appoint a fee auditor to aid it in accomplishing this "onerous burden," which the Court has done in this case. *Id.* at 843; 11 U.S.C. § 105(a) (giving the court power to issue "any process" to carry out its duty); Fed. R. Bankr.P. 9017 (applying Fed.R.Evid. apply to bankruptcy proceedings); Fed. R.Evid. 706 (providing for court appointed experts); Local Rule of Bankr.P. for Dist. Del. 2016–2(i) ("The Court may, in its discretion or on motion of any party, appoint a fee examiner to review fee applications and make recommendations for approval.").

## B. *Application*

For ease of discussion, the Court has divided the firms submitting the fee petitions into two categories, those that agreed with the fee auditor's final recommendations, and those that objected to the reductions proposed by the fee auditor in his final report.

### 1. *Fee Auditor's Report to which there are no objections*

The Court will adopt the fee auditor's final report with respect to following firms: Analysis Research & Planning Corp.; Campbell & Levine, LLC; Caplin & Drysdale; Cozen O'Conner; Dean M. Trafelet; Dickstein Shapiro, LLP; Legal Analysis Systems, Inc.; Paul, Weiss, Rifkind, Wharton & Garrison LLP; Richards, Layton & Finder, P.A.; Weil, Gotshal & Manges LLP. After carefully considering the fee petitions submitted by these professionals, the fee auditor's final reports, and having given all interested persons an opportunity to justify their fee petitions, the Court is satisfied that the fee recommendations advanced in the fee auditor's final reports with respect to the aforementioned succeed in reflecting reasonable compensation for actual, necessary services and reimbursement of actual and necessary expenses.

### 2. *Fee auditor's reports to which there are objections*

Three firms, Kaye Scholer, LLP, Navigant Consulting, Inc., and Young Conaway Stargatt & Taylor, LLP, objected to the recommendations made by the fee auditor. Kaye Scholer, LLP, originally objected to the fee auditor's final report, but the U.S. Trustee, Kaye Scholer, LLP, and the fee auditor subsequently compromised on an appropriate fee reduction. For this reason, Kaye Scholer's objection, as well as the U.S. Trustee's original objection will be overruled as moot.

As to Navigant Consulting, Inc., and Young Conaway Stargatt & Taylor, LLP, after reviewing the fee petitions, the fee auditor's reports and hearing oral argument, the Court will overrule the objections and adopt the recommended fees set forth in the fee auditor's final report.

#### a. *Kaye Scholer, LLP*

Originally, the U.S. Trustee objected to certain fees Kaye Scholer, LLP, requested in its fee petition. Additionally, Kaye Scholer, LLP, objected to the fee auditor's

---

**2.** Apart from the U.S. Trustee, the parties typically have no motive for objecting to other professionals' fee petitions. As *Busy Beaver* noted "[t]he debtor will often not object to its attorney's fee application because the fees will frequently be derived from its creditors' award rather than its own assets." 19 F.3d at 843. Additionally, attorneys for the creditors may refrain from objecting as a professional courtesy, for fear of retaliation, or any other number of reasons. *Id.* For this reason, it is imperative that the bankruptcy court protect the estate and independently examine the fee applications, even in the absence of any objections.

recommended fee reduction of $28,381.[3] At the hearing on the fee petitions, however, the Court learned that the U.S. Trustee, the firm and the fee auditor agreed to a $37,434.25 reduction from amount the firm originally requested. As a result, Kaye Scholer's final request is $1,677,000.25 in fees and $267,509.78 in expenses. The Court has reviewed this request and believes that it consists of reasonable compensation for actual, necessary services and reimbursement for actual and necessary expenses. This request is approved, and the objections are rendered moot.

b. *Navigant Consulting, Inc.*

■ Navigant Consulting, Inc., objected to the fee auditor's recommended fee reduction of $17,876.00 for what the fee auditor believed was the unnecessary attendance of two professionals, R. Lamb and M. Lyman, at the hearing on the Confirmation of the Fourth Amended Plan of Reorganization and the deposition preparation session.[4] After hearing oral argument on the matter, the Court will overrule the objections and adopt the fee auditor's proposed fee reductions.

■ When multiple professionals bill for the attendance at the same proceeding, the Court must be mindful of the necessity of each person. *See In re Jefsaba, Inc.*, 172 B.R. 786, 801 (E.D.Pa.1994). In this case, Navigant Consulting, Inc., had five professionals, consisting of one testifying expert and four supporting professionals, attend the confirmation hearing. The fee auditor approved the payment of the requested fees for the attendance of the testifying witness and two of the four supporting professionals at the confirmation hearing. The issue is whether the two other supporting professionals, R. Lamb and M. Lyman, should also be compensated for their attendance at the confirmation hearing. When questioned as to the necessity of these two professionals at the confirmation hearing, Navigant Consulting, Inc., responded as follows:

> In addition to the four professionals listed above, Russell Lamb also attended the hearing. Mr. Ertug, Dr. Lamb, and Ms. Lyman were part of the team that produced Dr. Chambers' report, and all were needed to prepare and assist Dr. Chambers at the hearing. Dr. Chambers attended as the testifying expert. Mr. Ertug was the principal analyst for the project. As the individual responsible for analyzing Armstrong's claims data, he was the most familiar with the data and his presence was necessary for the discussion of any data-related issues. In addition, Mr. Ertug was the person who would "run the numbers" by inputting the data and various assumptions decided upon into the Navigant model. Dr. Lamb participated as the senior analyst, supervising Mr. Ertug and responsible for the larger view on analytical issues. Ms. Lyman attended as the project manager and the individual who assisted Dr. Chambers in the preparation of her report. She is also the team's expert on tort reform and its potential effect on claims and values. In addition, Dr. Cantor attended at the Committee's request because there was a possibility that she was going to provide expert testimony.

---

**3.** The fee auditor recommended total fee reduction of $56,975.50. Kaye Scholer, LLP, voluntarily agreed to $28,594.50 of the reductions. Accordingly, it only objected to the proposed reductions totaling $28,381.00.

**4.** The fee auditor also recommended a $1,567.70 reduction of Navigant Consulting's requested expenses. Navigant Consulting, Inc., accepted this proposed reduction without objection.

Fee Aud. Final Report Re: Navigant Consulting, Inc., Doc. No. 10296, p. 5–6.

The Court finds this response unpersuasive. Once the expert was on the stand, none of these professionals was able to aid the expert in her testimony at that point. While it is true that the two professionals at issue had different roles in aiding in the preparation of the testifying witness before the witness took the stand, their attendance at the confirmation hearing on a "stand-by basis" was not a "necessary" service.

Nor has Navigant Consulting, Inc., carried its burden of showing why attendance of four professionals, one testifying witness and three supporting professionals, was necessary at the deposition preparation session.[5] Therefore, the Court agrees with the fee auditor that the fees associated with the attendance of the two profes-

sionals in question at the hearing and the deposition preparation session are not compensable under § 330(a), and adopts the fee auditor's proposed fee recommendation with respect to Navigant Consulting, Inc.

### c. *Young Conaway Stargatt & Taylor, LLP*

 Young Conaway Stargatt & Taylor, LLP, objected to the fee auditor's recommendation of a $2,075.08[6] reduction in expenses it incurred for meals and snacks served while its teams worked in "war rooms" in preparation for the hearing. The fee auditor considered certain meal charges incurred while the teams worked in the "war rooms" to be excessive. For example, each pot of coffee for the morning breakfast for various members of the staff cost a hefty $65.00. Exorbitant food

---

**5.** That their attendance is deemed "unnecessary" does not mean it had no value. The issue was not whether it was of any value but whether it was necessary in light of the presence of the two other professionals who were compensated for their attendance. The fee auditor did not question the time spent for preparation of the expert witness, but raised the issue whether all three professionals were necessary to prepare the witness. When questioned, Navigant Consulting, Inc., responded as follows:

> All four professionals were part of the team that produced Dr. Chambers' report, and all were needed to prepare and assist Dr. Chambers for her deposition. Dr. Chambers attended as the testifying expert. Dr. Lamb participated as the senior analyst, supervising Mr. Sirgo and responsible for the larger view on analytical issues. Mr. Sirgo sat in for Mr. Ertug as a data analyst. As the individual responsible for analyzing Armstrong's claims data, he was the most familiar with the data and his presence was necessary for the discussion of any data-related issues. In addition, Mr. Sirgo was the person who would "run the numbers" by inputting the data and various assumptions decided upon into the Navigant model. Ms. Lyman attended as the project

manager and the individual who assisted Dr. Chambers in the preparation of her report. She is also the team's expert on tort reform and its potential effect on claims and values.

Fee Aud. Final Report Re: Navigant Consulting, Inc., Doc. No. 10296, p. 7.

The Court agrees with the fee auditor that Navigant Consulting, Inc., has not carried its burden of proof that the attendance of R. Lamb and M. Lyman was necessary at the deposition preparation session of Dr. Chambers. The Court also notes that it is unclear whether this "deposition preparation session" involved one meeting with all professionals or a series of meetings with separate participants. Each of the four professionals billed different hours for the same deposition preparation session, billing 12.0, 10.10, 8.70 and 8.10 hours, respectively. Given that this discrepancy was not raised at the hearing, the Court will not reduce the compensation awarded for this apparent inconsistency.

**6.** Originally, fee auditor recommended $3,040.08 reduction in Young Conaway's requested expenses, however, Young Conaway voluntarily accepted $965.00 of the recommended expense reduction. Accordingly, it objects only to $2,075.08 of the proposed reduction.

prices, such as these, pushed the firm above the recommended ceilings of $15, $25, and $50 for breakfast, lunch and dinner, respectively.[7] In addition, the fee auditor found that charges for mid-afternoon snacks were also unnecessary.[8]

■ A court should reimburse expenses only to the extent that they are "actual" and "necessary". 11 U.S.C. § 330(a)(1)(B). This reflects Congress' intent to exclude unreasonable or excessive expenses. *See In re Fleming Companies, Inc.*, 304 B.R. 85, 99 (Bkrtcy.D.Del.2003); *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758, 769 (Bankr.E.D.N.Y.2005) ("An expense is considered necessary where it was 'reasonably needed to accomplish proper representation of the client.'"); *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, II.E.1, *available at* http://justice.gov/ust (listing reasonableness of expenses as one factor in determining their necessity). In this way, "reasonableness" is subsumed in the definition of "necessary" under § 330(a)(1)(B).

Despite Young Conaway's insistence that all meals provided to its teams while in the war rooms were handled in a cost-effective way, the Court is simply unable to classify these exceedingly high expenses as reasonable, and therefore were not necessary under § 330(a)(1)(B). The Court will overrule Young Conaway's objection to the recommended $2,075.08 reduction in expenses and adopt the fee auditor's final fee recommendation for the firm.

## III. CONCLUSION

Mindful of the importance of its duty to independently scrutinize fee petitions, the Court has carefully reviewed all fee petitions submitted by professionals relating to the preparation of and hearing on the Fourth Amended Plan of Reorganization for Armstrong World Industries, Inc. As to the professionals and firms that voluntarily agreed to the fee auditor's recommendations, the Court adopts and approves the fee auditor's recommendations. As to the Navigant Consulting, Inc., and Young Conaway Stargatt & Taylor, LLP, who objected to the fee auditor's proposed reductions, the Court overrules their objections and adopts the fee auditor's recommendations. Finally, as to Kaye Scholer, LLP, because the firm, the U.S. Trustee and the fee auditor agreed on certain reductions in the fee request, the U.S. Trustee's and Kaye Scholer's objections are rendered moot. In addition, the Court finds that its final fee requests fall within the mandates of § 330(a) and are approved.

An appropriate Order follows.

### *ORDER*

**AND NOW,** this **12th** day of **April, 2007,** it is hereby **ORDERED** that the fee recommendations set forth by the fee auditor in the following final reports are **APPROVED** and **ADOPTED** and the debtor may proceed with payment to the applicants as follows:

1. Analysis Research & Planning Corp. (doc. no. 10201);

Fees $ 307,923.00
Expenses $ 3,196.82

---

7. These ceilings are not arbitrary, but instead are guidelines that the fee auditor developed in light of his experience and through extensive surveys to determine reasonable costs of meals in various locales. Hrg. Tr. 11:19–12:3, Mar. 22, 2007.

8. Lawyers and supporting staff were already being provided two to three meals a day at first class establishments.

2. Campbell & Levine, LLC (doc. no. 10204);

Fees $ 37,249.50
Expenses $ 0.00

3. Caplin & Drysdale, Chartered (doc. no. 10206);

Fees $ 790,963.75
Expenses $ 135,783.18

4. Cozen O'Conner (doc. no. 10197);

Fees $ 30,601.00
Expenses $ 7,176.94

5. Dean M. Trafelet (doc. no. 10204);

Fees $ 73,320.00
Expenses $ 8,799.62

6. Dickstein Shapiro, LLP (doc. no. 10200);

Fees $ 148,780.50
Expenses $ 4,983.97

7. Legal Analysis Systems, Inc. (doc. no. 10199);

Fees $ 330,570.00
Expenses $ 5,438.14

8. Paul, Weiss, Rifkind, Wharton & Garrison LLP (doc. no. 10208);

Fees $1,735,121.25
Expenses $ 332,358.15

9. Richards, Layton & Finder, P.A. (doc. no. 10198);

Fees $ 23,816.00
Expenses $ 0.00

10. Weil, Gotshal & Manges LLP (doc. no. 10207);

Fees $ 977,641.75
Expenses $ 71,086.92

**IT IS FURTHER ORDERED** that the objections to the fee auditor's final report advanced by Navigant Consulting, Inc. (doc. no. 10297) and Young Conaway Stargatt & Taylor, LLP (doc. no. 10290) are **OVERRULED**. The fee auditor's final reports are **APPROVED** and **ADOPTED** and the debtor may proceed with payment to the applicants as follows:

1. Navigant Consulting, Inc. (doc. no. 10270, 10296);

Fees $ 477,662.50
Expenses $ 35,366.58

2. Young Conaway Stargatt & Taylor, LLP (doc. no. 10246);

Fees $ 79,125.50
Expenses $ 65,599.09

**IT IS FURTHER ORDERED** that the U.S. Trustee's objection to Kaye Scholer's fee petition (doc. no. 9899) and Kaye Scholer's objection to the fee auditor's final report (doc. no. 10259) are **OVERRULED as moot**. The debtor may proceed with payment to Kaye Scholer, LLP, as follows:

Fees $1,677,000.25
Expenses $ 267,509.78

**IT IS FURTHER ORDERED** that Dickstein Shapiro's Motion for Leave to File Application for Compensation (doc. no. 10039) is **GRANTED**.

**AND IT IS SO ORDERED.**